IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 18-35910 |
| MARY FLORENCE GRAHAM-MUNDY, | ) | |
| aka MARY G MUNDY, | ) | |
| | ) | |
| Debtor(s). | ) | |
| ------------------------------------------------------------- | ) | |
| | ) | |
| PRESTIGE FINANCIAL SERVICES INC., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Motion No. _____ |
| MARY FLORENCE GRAHAM-MUNDY, | ) | |
| aka MARY G MUNDY, | ) | |
| and | ) | |
| SUZANNE E. WADE, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter was before the court on the motion for relief from the automatic stay with respect to certain personal property, to-wit: 2015 Hyundai Sonata, Vehicle Identification No. 5NPE34AB9FH147658.

Upon consideration of which, it is **ORDERED:**

      1.     The debtor will resume making regular monthly installment payments in the amount of $569.64 as they become due commencing on April 17, 2019.

      2.     The debtor will cure the post-petition arrearage currently due to the movant through February 17, 2019 in the total amount of $1,792.92, which includes late charges, deferred

STEVEN L. HIGGS, P.C. (VSB # 90566)
Steven L. Higgs (VSB # 22720)
9 Franklin Road, S.W.
Roanoke, Virginia 24011-2403
(540) 400-7990 Telephone
(540) 400-7999 Facsimile
higgs@higgslawfirm.com
Counsel for PRESTIGE FINANCIAL SERVICES INC.

late charges, filing fees and attorney's fees, by paying the full amount by April 10, 2019.

       3.       In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. cure the default;
        ii. file an objection with the court stating that no default exists; or
        iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and
    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

       4.       The provisions of this order with respect to regular monthly installment payments

expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of $75.00 for issuance of a notice of default, and an additional $75.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

ENTER this _____ day of Jun 10 2019 _____, 2019.

/s/ Kevin R Huennekens
KEVIN R. HUENNEKENS, Judge

Entered on Docket: Jun 11 2019

I ASK FOR THIS:

Prestige Financial Services Inc.

By  /s/ Steven L. Higgs
      Of Counsel

STEVEN L. HIGGS, P.C. (VSB # 90566)
Steven L. Higgs (VSB # 22720)
9 Franklin Road, S.W.
Roanoke, Virginia 24011-2403
(540) 400-7990 Telephone
(540) 400-7999 Facsimile
higgs@higgslawfirm.com
Counsel for Prestige Financial Services Inc.

Higgs File No. 11117.518\\FILES11117.518\Agreed Order\06/04/19

**Case No. 18-35910**
**Prestige Financial Services Inc. v.**
**Mary Florence Graham-Mundy, aka Mary G Mundy**
**Motion No. _____**

SEEN and AGREED:

Mary Florence Graham-Mundy, aka Mary G Mundy


By____/s/ James E. Kane_____
        Of Counsel

James E. Kane, Esq.
Kane & Papa, PC
P.O. Box 508
Richmond, Virginia 23218-0508




Higgs File No. 11117.518\\FILES11117.518\Agreed Order\06/04/19

**Case No. 18-35910**
**Prestige Financial Services Inc. v.**
**Mary Florence Graham-Mundy, aka Mary G Mundy**
**Motion No. _____**

SEEN and AGREED


___/s/ Suzanne E. Wade_____
           Trustee

Suzanne E. Wade, Trustee
P. O. Box 1780
Richmond, Virginia 23218-1870




Higgs File No. 11117.518\\FILES11117.518\Agreed Order\06/04/19

Certification

The undersigned certifies that the foregoing Order Granting Relief from Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, additions, or deletions have been made.

    /s/ Steven L. Higgs

Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

    /s/ Steven L. Higgs

**PARTIES TO RECEIVE COPIES**

Steven L. Higgs, Esq.
Steven L. Higgs, P.C.
9 Franklin Road, S.W.
Roanoke, Virginia 24011-2403

James E. Kane, Esq.
Kane & Papa, PC
P.O. Box 508
Richmond, Virginia 23218-0508

Suzanne E. Wade, Trustee
P. O. Box 1780
Richmond, Virginia 23218-1870

Mary Florence Graham-Mundy,
aka Mary G Mundy (with enclosures\N)
5837 Quiet Pine Circle, Apt. 104
Chester, VA 23831


Higgs File No. 11117.518\\FILES11117.518\Agreed Order\06/04/19